IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AIG SUNAMERICA LIFE ASSURANCE
COMPANY,

    Plaintiff,

v.

DEBRA BAIRD, ADMINISTRATOR
OF THE ESTATE OF CARROLL A.
BRAMBLE, DECEASED, and
DAWN M. BRAMBLE,

    Defendants.

Case No. 07-CV-254-DRH

## CONSENT ORDER

**HERNDON, Chief Judge:**

After consideration of the Joint Stipulation for Consent Order and Final Judgment of the Parties in the above-captioned action (Doc. 46), the Court hereby finds that:

1. This is an interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure.

2. Defendants in this action have or may have claims to the death benefits from the variable annuity contract opened for Carroll A. Bramble ("Decedent") with Plaintiff on April 14, 2000 (the "Contract Benefits").

3. Plaintiff has a legitimate fear of multiple claims directed against a single fund.

4. Plaintiff is and has been ready and willing to pay that sum of money to that person who is lawfully entitled to receive it.

5. Plaintiff is and has been unable to determine to which of the Defendants the fund belongs.

6. Plaintiff is indifferent among the Defendants, has no interest in the Contract Benefits, and is ready and willing to pay it to whomever the Court directs, or to otherwise comply with the terms of the Contract, upon being discharged from further liability to all Defendants.

7. Plaintiff does not in any way collude with any of the Defendants touching the matters in question, has no independent liability to any of the Defendants, and has not asked and does not ask for relief at the request of any Defendant, but rather solely of its own free will.

8. Previously, the Court entered an Order (Doc. 43) granting Plaintiff's Interpleader, thereby restraining Defendants from prosecuting any suit or proceeding against Plaintiff involving the Contract Benefits at issue in this case in any state or federal court (other than their claims to the Contract Benefits to be interpled in this Court).

9. Defendants recently resolved their respective rights and dispute with respect to the Contract Benefits, and agree that said Contract Benefits should be released to the Estate (*see* Doc. 45).

NOW IT IS THEREFORE ORDERED as follows:

1. The Contract Benefits shall be delivered by Plaintiff to the Estate of Carroll Bramble, less $16,000.00 Plaintiff may keep as and for its attorneys' fees and costs incurred in this matter; and

2. Defendants, and each of them, their heirs, successors, and assigns, and those claiming by, through, or under them, their agents or attorneys, be, and they are, permanently enjoined and restrained from prosecuting any proceeding or action involving or affecting the rights or obligations of the parties with respect to the Contract Benefits or the subject matter of this action in any state or federal court; and

3. Plaintiff is fully and finally discharged from all further liability arising out of the rights or obligations of the parties to this action with respect to the Contract Benefits (except to pay over the Contract Benefits, less $16,000.00 for attorneys' fees to the Estate pursuant to this Judgment), or the subject matter of this action.

4. This matter is hereby **DISMISSED WITH PREJUDICE**. Judgment to enter accordingly.

**IT IS SO ORDERED.**

Signed this 7th day of October, 2008.

/s/ David R Herndon
**Chief Judge**
**United States District Court**